IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MARRISSA FAULK, individually and as next friend of B.F. (a minor child),<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO.,<br>SRS REAL ESTATE PARTNERS, LLC,<br>JOHN P. ADAMS PROPERTIES, INC.,<br>ADT COMMERCIAL, LLC,<br>John Doe(s) #1 - #10,<br><br>Defendants. | CIVIL ACTION<br>FILE NO.: 2:21-CV-149-RWS<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT FOR DAMAGES**

COMES NOW MARRISSA FAULK, individually and as next friend of B.F. (a minor child), and files this Complaint for Damages against Defendants as follows:

PARTIES, JURISDICTION AND VENUE

1.

This is a personal injury action, seeking damages for injuries suffered

1

as a result of a hazardous condition maintained upon premises owned, controlled, occupied and/or maintained by the defendants on and prior to August 1, 2019, causing injury to Plaintiffs.

2.

Plaintiff MARRISSA FAULK ("Mrs. Faulk") is a resident of Fulton County, Georgia.

3.

Plaintiff B.F. (a minor child), is a resident of Fulton County, Georgia.

4.

Mrs. Faulk is the mother and natural guardian of B.F. (a minor child).

5.

WALGREEN CO. ("Walgreens") is a foreign for-profit corporation authorized to transact business and owning property in the State of Georgia, with its principal place of business being located at 200 Wilmot Road, Deerfield, Illinois.

6.

Walgreens may be served through its registered agent The Prentice

Hall Corporation System Inc, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia.

7.

Walgreens, through its acquisition of 1932 Rite-Aid stores in 2017, holds a long term lease of the property and improvements located at 204 Dawson Village Way S, Dawsonville, Georgia ("the Subject property"). Rite Aid came to hold its long term lease of the Subject property through an acquisition of 1,854 Brooks and Eckerd stores in 2006.

8.

Jurisdiction and venue are appropriate in this Court as to Walgreens.

9.

SRS REAL ESTATE PARTNERS, LLC ("SRS"), is a foreign for-profit corporation authorized to transact business in the State of Georgia, with its principal place of business being located at 81445 Walnut Hill Lane, Suite 1200, Dallas, TX.

10.

SRS may be served through its registered agent Corporation Service

Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia.

11.

SRS is Walgreens' leasing/subletting agent for the Subject Property.

12.

Jurisdiction and venue are appropriate in this Court as to SRS.

13.

JOHN P. ADAMS PROPERTIES INC. ("JPA") is a foreign for-profit corporation authorized to transact business in the State of Georgia, with its principal place of business being located at 2500 Dundee Road, Winter Haven, FL.

14.

On information and belief, JPA does not maintain a registered agent in the State of Georgia as required by law.  The physical address on file with the Secretary of State is not located in the State of Georgia.  JPA may be served as provided by O.C.G.A. §§ 9-11-4(e)(1), 9-10-94 and/or 14-2-504(b).

15.

JPA owns the Subject property, having purchased it from Stockbridge

Enterprises, Inc. in 2004.

16.

Jurisdiction and venue are appropriate in this Court as to JPA.

17.

ADT COMMERCIAL, LLC, ("ADT") is a foreign for-profit corporation doing business in Georgia, with its principal place of business being located at 200 Wilmot Road, Deerfield, Illinois.

18.

ADT may be served through its registered agent C T Corporation System, 289 S. Culver St., Lawrenceville, Gwinnett County, Georgia.

19.

ADT maintained and monitored an alarm system for Walgreens at the Subject property.

20.

Jurisdiction and venue are appropriate in this Court as to ADT.

21.

Defendant(s) John Doe 1-10 are individual(s), partnership(s), entity(ies), and/ or corporation(s), other than the named Defendants,

involved in the subject matter of this Complaint and potentially liable to Plaintiffs for the injuries sustained on August 1, 2019. The true names of these Defendants are unknown to Plaintiffs, and Plaintiffs therefore sue them under fictitious names, and request that Plaintiffs be permitted, if and when the true names of these Defendants are discovered, to insert the true names in the record in lieu of the fictitious names.

22.

This Court properly has jurisdiction and of this action and venue is proper in this Court as to Defendants DOE 1 through DOE 10.

23.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 and O.C.G.A. § 9-10-91 as the plaintiffs are not citizens of the same state as any defendant; the amount in controversy exceeds $75,000.00; and the defendants transact business within the State of Georgia, committed a tortious act in the State of Georgia, and/or own, use or possess real property situated in the State of Georgia.

24.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and

O.C.G.A. § 9-10-93 as the facts, circumstances and events giving rise to the Plaintiffs' injuries occurred in Dawson County, Georgia on or about August 1, 2019.

## FACTS

25.

On August 1, 2019, Plaintiff MARISSA FAULK was in her 28th week of pregnancy carrying B.F., who was born on August 9, 2019.

26.

Mrs. Faulk is a licensed Georgia Real Estate Salesperson who, on August 1, 2019, was showing commercial properties to interested persons.

27.

Mrs. Faulk identified the Subject property and contacted a listing agent at SRS about showing it to her client. She was given instructions to go to a Walgreens at 3290 Keith Bridge Road, Cumming, Georgia to obtain a key and instructions to access the Subject property. At the Cumming Walgreens Mrs. Faulk was provided a key and alarm code.

28.

Mrs. Faulk proceeded to the Subject property at 204 Dawson Village

Way S, Dawsonville, Georgia which was leased and occupied by defendant Walgreens, managed and marketed for sale or lease for Walgreens by defendant SRS, owned by defendant JPA, and secured by an alarm system maintained and monitored by defendant ADT.

29.

On August 1, 2019, Mrs. Faulk used the key provided by Walgreens to enter the building at 204 Dawson Village Way S, Dawsonville, Georgia, to show the property to her client.

30.

Upon entering the Subject property, Mrs. Faulk correctly entered the alarm code she had been provided on the keypad but the alarm would not disarm. After multiple attempts to enter the code, the entry delay expired and the alarm went off.

31.

As she rushed across the room to a different alarm keypad, Mrs. Faulk tripped over an exposed junction box and crashed to the floor.

## COUNT 1
## <u>NEGLIGENCE OF WALGREENS, SRS, JPA and ADT</u>

32.

Defendants Walgreens, SRS and JPA owned, occupied, controlled and used the Subject property.

33.

Defendant ADT was responsible for maintaining and repairing the alarm system at the Subject property.

34.

Mrs. Faulk and her unborn child B.F. were invitees of Walgreens, SRS and JPA on August 1, 2021.

35.

Defendants owed a duty to invitees to exercise reasonable care in constructing, provisioning and maintaining the Subject property so it would be safe for invitees.

36.

Defendants were negligent in the design, layout and maintenance of the Subject property.

37.

Defendants did not exercise reasonable care in their design, layout and maintenance of the Subject property in the following ways:

a) In failing to properly design a floorplan free of hazardous conditions such as the exposed junction boxes;

b) In failing to properly warn invitees of hazardous conditions including the exposed junction boxes;

c) In failing to properly maintain the alarm system so it would function properly when properly disarmed;

d) In failing to properly warn invitees of the malfunctioning alarm system;

e) In such other and further acts or failures to act as are identified prior to the entry of a pretrial order in this action.

38.

Defendants Walgreens, SRS and JPA were, or in the exercise of reasonable diligence should have been aware of the dangerous condition presented by the exposed junction boxes before the incident involving plaintiffs occurred.

39.

Defendants Walgreens, SRS, JPA and ADT were, or in the exercise of reasonable diligence should have been aware of the dangerous condition presented by the malfunctioning alarm system before the incident involving plaintiffs occurred.

40.

The negligence of defendants Walgreens, SRS, JPA and ADT were a proximate cause of plaintiffs' injuries.

DAMAGES

41.

As a result of defendants' conduct, Mrs. Faulk and B.F. (a minor child), have incurred medical expenses in an amount presently exceeding $239,336.81.

42.

As a result of defendants' conduct, Mrs. Faulk and B.F. (a minor child), will continue to incur medical expenses in the future.

43.

As a result of defendants' conduct, Mrs. Faulk has lost wages and

11

will continue to incur lost wages in the future.

44.

As a result of defendants' conduct, Mrs. Faulk and B.F. (a minor child), have incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

45.

As a result of defendants' conduct, Mrs. Faulk will be permanently injured and damaged.

46.

All of the damages past, present and prospective are and will be due to the negligence of Defendants without any negligence on the part of Mrs. Faulk or B.F. (a minor child).

WHEREFORE, plaintiffs respectfully pray for the following relief:

(a) that process and summons issue, as provided by law, requiring Defendants to appear and answer Plaintiffs' Complaint;

(b) that Plaintiffs have a trial by jury as to all issues;

(c)  that plaintiff MARRISSA FAULK recover the full value of her past and future medical expenses and past and future lost wages in an amount to be proven at trial in excess of $75,000.00;

(d)  that plaintiff MARRISSA FAULK recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(e)  That plaintiff MARRISSA FAULK, as B.F. (a minor child)'s parent and natural guardian, recover the full value of B.F. (a minor child)'s past and future medical expenses in an amount to be proven at trial;

(f)  That plaintiff MARRISSA FAULK, as next friend of B.F., recover for B.F.'s past mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(g)  that Plaintiffs receive the costs of this action and interest;

(h)  That Plaintiffs recover such other and further relief as is just and proper.

Respectfully submitted this the 7th day of July, 2021.

                        Hagen Rosskopf, LLC

                        /s/ Bruce A. Hagen
                        Bruce A. Hagen
                        Georgia State Bar No. 316678

                        /s/Zachary J. Nelson
                        Zachary J. Nelson
                        Georgia State Bar No. 425915
                        Attorney for the Plaintiffs

119 North McDonough Street
Decatur, Georgia 30030
(404)522-7553
(404)522-7744 – fax
Bruce@hagen-law.com
Zach@hagen-law.com